FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 28, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GARY W. ,<br>                    Plaintiff,<br><br>          vs.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>                    Defendant. | No. 4:17-cv-05155-MKD<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND DENYING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT<br><br>ECF Nos. 17, 18 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 17, 18. The parties consented to proceed before a magistrate judge. ECF No. 7. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's Motion, ECF No. 17, and denies Defendant's Motion, ECF No. 18.

ORDER - 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

ORDER - 2

ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial

gainful activity," the Commissioner must find that the claimant is not disabled.  20

C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis

proceeds to step two.  At this step, the Commissioner considers the severity of the

claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

"any impairment or combination of impairments which significantly limits [his or

her] physical or mental ability to do basic work activities," the analysis proceeds to

step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

this severity threshold, however, the Commissioner must find that the claimant is

not disabled.  20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to

severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity.  20 C.F.R. §

416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

enumerated impairments, the Commissioner must find the claimant disabled and

award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the

severity of the enumerated impairments, the Commissioner must pause to assess

the claimant's "residual functional capacity."  Residual functional capacity (RFC),

defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is

capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for supplemental security income benefits on October 23, 2013, Tr. 252-67, alleging an amended disability onset date of October 23, 2013.[1] Tr. 46-48, 60. Benefits were denied initially, Tr. 148-51, and upon reconsideration. Tr. 155-58. Plaintiff appeared for hearings before an administrative law judge (ALJ) on May 25, 2016 and August 18, 2016. Tr. 43-55, 56-96. On November 2, 2016, the ALJ denied Plaintiff's claims. Tr. 19-42.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 23, 2013. Tr. 25. At step two, the ALJ found Plaintiff has the following severe impairments: degenerative disk disease, chronic obstructive pulmonary disease, affective disorder, and anxiety disorder. Tr. 25. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 26. The ALJ then concluded that Plaintiff has the RFC to perform light work with the following additional limitations. Plaintiff can:

---

[1] Plaintiff initially alleged disability beginning March 13, 2002. Tr. 253.

lift and/or carry 20 pounds occasionally, and 10 pounds frequently; sit, stand, and walk six hours each in an eight hour workday; all postural movements can be performed occasionally, except for balancing which can be performed on an unlimited basis; frequently reach over the shoulder with the right dominant upper extremity; occasionally use his right lower extremity to push/pull such as for the operation of foot pedals; and must avoid concentrated exposure to extreme cold, vibrations, pulmonary irritants, and hazards such as heights and dangerous moving machinery. Additionally, [Plaintiff] has sufficient concentration to understand, remember, and carry out complex and detailed tasks, but only in two-hour increments with the usual and customary breaks. He can interact with the general public occasionally and superficially, and superficial means he can refer the public to others to respond to their demands and requests, but he does not have to resolve their demands/requests. He can work in the same room with an unlimited number of co-workers, but there can be no coordination of work activity.

Tr. 28.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 35. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform such as marker and cleaner. Tr. 38. The ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, from October 23, 2013 through the date of the decision. Tr. 36.

On August 1, 2017, the Appeals Council denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

ORDER - 7

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 17. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly evaluated the medical opinion evidence; and

2. Whether the ALJ's step five finding is supported by substantial evidence. *See* ECF No. 17 at 9.

## DISCUSSION

**A. Medical Opinion Evidence**

Plaintiff contends the ALJ improperly rejected the opinions of Eric Thoma, M.A. and Tae-Im Moon, Ph.D. ECF No. 17 at 11-18.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of

specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216.

"Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.' " *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in original); *see* 20 C.F.R. § 416.902[2] (Acceptable medical sources are licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, qualified speech-language pathologists, licensed

_____

[2] Prior to March 27, 2017, the definition of an acceptable medical source was located at 20 C.F.R. § 416.913.

ORDER - 9

audiologists, licensed advanced practice registered nurses, and licensed physician assistants).  However, an ALJ is required to consider evidence from non-acceptable medical sources, such as therapists.  20 C.F.R. § 416.927(f).[3]  An ALJ may reject the opinion of a non-acceptable medical source by giving reasons germane to the opinion.  *Ghanim*, 763 F.3d at 1161.

### 1. Eric Thoma, M.A.

In 2014, Plaintiff began receiving mental health treatment through Catholic Family Services, where therapist Eric Thoma counseled Plaintiff from at least June 2014 through April 2016.  Tr. 544-87, 672-79.  During this period Plaintiff was diagnosed and treated for major depressive disorder, recurrent, bipolar disorder, and generalized anxiety disorder.  Tr. 518-19, 527-43, 670-71.  Mr. Thoma completed a Mental Medical Source Statement on August 14, 2014 in which he opined that Plaintiff was severely limited in five areas: (1) the ability to work in coordination with or proximity to others without being distracted by them; (2) the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an

---

[3] Prior to March 27, 2017, the requirement that an ALJ consider evidence from non-acceptable medical sources was located at 20 C.F.R. §§ 404.1513(d), 416.913(d).

unreasonable number and length of rest periods; (3) the ability to accept instructions and respond appropriately to criticism from supervisors; (4) the ability to respond appropriately to changes in the work setting; and (5) the ability to set realistic goals or make plans independently of others. Tr. 467-77. He further opined Plaintiff was markedly limited in 13 other areas and moderately limited in one area. *Id*. He estimated Plaintiff would miss four or more days per month due to mental impairments. Tr. 478. The ALJ assigned this opinion "minimal weight." Tr. 34.

Mr. Thoma, as a mental health therapist, is considered an "other source" of information and not an "acceptable medical source." 20 C.F.R. § 416.913(d). Thus, the ALJ was required to give germane reasons for discounting his opinion. *Ghanim*, 763 F.3d at 1161.

Defendant presents no argument in opposition to Plaintiff's contention the ALJ improperly weighed this opinion. *See* ECF No. 18. It is unclear whether this is an admission by Defendant that the ALJ erred or whether it was an oversight. As it is not this Court's role to distill potential arguments that could be made based on the record, for this reason, if no other, the Court would be justified to find that the ALJ erred in evaluating this opinion and Defendant has waived the harmless error argument. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) (issue not raised in opening appellate brief deemed waived); *Wilcox v.*

*Commissioner*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1998) ("[a]rguments not addressed in a brief are deemed abandoned"); *see also Justice v. Rockwell Collins. Inc.*, 117 F.Supp.3d 1119, 1134 (D. Or. 2015), aff'd, 720 F. App'x 365 (9th Cir. 2017) ("if a party fails to counter an argument that the opposing party makes ... the court may treat that argument as conceded") (citation and internal quotations and brackets omitted); *Silva v. City of San Leandro*, 744 F. Supp. 2d 1036, 1050 (N.D. Cal. 2010) ("Plaintiffs do not address this argument in their Opposition brief, implicitly conceding that these claims fail."); *Tatum v. Schwartz*, No. Civ. S-06-01440 DFL EFB, 2007 WL 419463, *3 (E.D. Cal. Feb. 5, 2007) (explaining that a party "tacitly concede[d][a] claim by failing to address defendants' argument in her opposition."); *Kinley v. Astrue*, No. 1:12-cv-740-JMS-DKL, 2013 WL 494122, *3 (S.D. Ind. Feb. 8, 2013) ("The Commissioner does not respond to this [aspect of claimant's] argument, and it is unclear whether this is a tacit admission by the Commissioner that the ALJ erred or whether it was an oversight. Either way, the Commissioner has waived any response.").

However, a court generally has discretion to consider even a waived argument. *See In re Hanford Nuclear Res. Lit.*, 534 F.3d 986, 1007 (9th Cir. 2008) (exercising discretion to review waived claim); *Brass v. Cnty. of Los Angeles*, 328 F.3d 1192, 1197 (9th Cir. 2003) (explaining that the decision whether to review waived issues "lies within the discretion of the district court"); *United States v.*

*Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (holding that a district court has discretion to consider evidence and argument presented for the first time in an objection to a magistrate's recommendation). Even if the Court overlooks Defendant's lack of opposition, the Court finds Plaintiff has adequately demonstrated the ALJ erred.

The ALJ gave Mr. Thoma's opinion minimal weight because it was inconsistent with Plaintiff's activities. Tr. 34. Specifically, the ALJ found that Plaintiff's "ability to live independently and care for a house," was inconsistent with the opined moderate limitation in his ability to be aware of normal hazards and take precautions. Tr. 34. The ALJ did not cite to a particular record, but Plaintiff's testimony suggested that Plaintiff could not manage his household without considerable assistance. Tr. 72-73, 75; *see* Tr. 400. Moreover, it is insufficient to reject the entirety of Mr. Thoma's opinion based upon his *least* prominent finding, given the eighteen other marked and severe limitations he also found.

The ALJ also found that Plaintiff's regular presentation for therapy sessions suggested he was "able to be consistent and maintain a schedule" and was inconsistent with Mr. Thoma's opinion Plaintiff would miss more than four days of work per month. Tr. 34. The Court agrees with Plaintiff that it is insufficient to base a finding of an ability to maintain attendance based solely on the fact the

ORDER - 13

Plaintiff attended counseling once or twice per month.  Moreover, there was evidence to suggest he was unreliable in his attendance, which the ALJ did not address.  *See* ECF No. 17 at 17 (citing Tr. 549, 553, 554, 560, 562, 567, 581, 677, 695).

The ALJ accorded Mr. Thoma's opinion minimal weight because it lacked explanation.  The Social Security regulations "give more weight to opinions that are explained than to those that are not."  *Holohan v. Massanari,* 246 F.3d 1195, 1202 (9th Cir. 2011).  "[T]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings."  *Bray*, 554 at 1228.  The medical source statement does not reference any clinical or other findings to support the opinion.  Tr. 478 (stating "N/A" in "Additional Comments" section of the form).  However, Plaintiff contends the opinion is supported by Mr. Thoma's clinical findings.  ECF No. 17 at 18.  Here, the ALJ concluded there were "few clinical notes at this time" because Plaintiff "did not begin regular mental health treatment until approximately November 2014."  Tr. 34.  This conclusion lacks substantial support, however, as in July 2014, supervising psychiatrist Cheta Nand, M.D. prescribed a treatment plan consisting of Lithium, Klonopin, and Depakote, in addition to therapy.  Tr. 542.  By November 2014, Plaintiff had attended nine therapy sessions with Mr. Thoma; and at the time of Mr. Thoma's August 2014

ORDER - 14

opinion, Plaintiff had attended three 1-hour therapy sessions. Tr. 567-87. The ALJ concluded "clinical notes dated after this form was completed do not discuss such limitations," Tr. 34, yet the record contains over 70 pages of clinical evidence from Catholic Family and Child Services, which the ALJ did not refer to. Tr. 515-87, 668-79. These records, for example, discuss Plaintiff's symptoms of depression, anger, panic, irrational beliefs, failure to accomplish goals, life stressors, anger outburst in the therapist's waiting room, hypomania, hallucinations, poor memory and fund of knowledge, and impaired insight and judgment. *Id.*

Finally, the ALJ commented that Mr. Thoma "did not mention the fact that [Plaintiff] admitted at the appointment prior to the date of this form that he was only taking half of his dose of lithium and not taking his prescribed Depakote at all." Tr. 34 (citing Tr. 583). Mr. Thoma's clinic note reflects Plaintiff had reduced his recently prescribed Lithium dose due to side effects, including dizziness. Tr. 583. It is evident from the record that Mr. Thoma was aware of Plaintiff's prescription medication use, yet Mr. Thoma did not indicate that his opinion depended on Plaintiff's use of medication, nor is it evident that when Plaintiff took the medication his symptoms were removed. *See* Tr. 33 (recognizing that compliance with the prescribed medication "may not have been curative"); Tr. 535 (Sept. 2014: increasing Lithium and stopping Depakote). It appears the ALJ used her concern about Plaintiff's credibility to reject Mr. Thoma's opinion, which is

not a germane reason to discount the opinion and amounts to speculation on the part of the ALJ that Plaintiff's mental impairments observed by Mr. Thoma were attributable to his non-compliance. *See, e.g. Edlin v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (finding that the ALJ appeared to have relied on personal doubts about the claimant's overall credibility to reject a treating physician's report).

The ALJ failed to offer germane reasons to discount Mr. Thoma's opinion, which was the sole psychological opinion in the record since the time Plaintiff began mental health treatment, as no medical expert or consultative examination were utilized.[4] The ALJ's error was not harmless because had she credited Mr. Thoma's opinion it would have led to a more restrictive residual functional capacity and a finding of disability. ECF No. 17 at 19. A remand is necessary to reevaluate Plaintiff's limitations related to his mental health impairments.

2. *Tae-Im Moon, Ph.D.*

On October 3, 2012 and August 26, 2013, Dr. Moon evaluated Plaintiff. Tr. 411-22. Dr. Moon diagnosed Plaintiff with bipolar disorder (not otherwise specified), anxiety disorder (not otherwise specified), and mood disorder (not

---

[4] The Court notes that instead of Eric Thoma, the ALJ's decision refers to "Erica Thoma" and "Ms. Thoma," Tr. 34.

otherwise specified).  Tr. 412, 418.  In both opinions, Dr. Moon opined that

Plaintiff was markedly limited in his ability to communicate and perform

effectively in a work setting and to maintain appropriate behavior in a work

setting.  Tr. 413, 419.  In his 2012 opinion, he also opined Plaintiff was markedly

limited in his ability to complete a normal work day and work week without

interruptions from psychologically based symptoms.  Tr. 413.

The ALJ assigned minimal weight to Dr. Moon's opinion regarding

Plaintiff's ability to perform effectively and maintain appropriate behavior in a

work setting.  Tr. 34-35.  Because Dr. Moon's opinion was contradicted by the

opinions of state agency consulting psychologists Matthew Comrie, Psy.D. and

John Gilbert, Ph.D., Tr. 127-28, 143-44, the ALJ was required to provide specific

and legitimate reasons for rejecting Dr. Moon's opinion.  *See Bayliss*, 427 F.3d at

1216.

Defendant contends the ALJ "relied on multiple, proper reasons to partially

discount Dr. Moon's opinions."[5]  ECF No. 18 at 4.  First, the ALJ discounted Dr.

_____

[5]  Defendant's entire analysis of this issue consists of a one-paragraph list of the

reasons the ALJ gave to partially discount Dr. Moon's opinions.  ECF No. 18 at 4.

Defendant failed to provide any legal analysis to support the sufficiency of the

ALJ's explanations.  Defendant is expected to address the errors alleged by

ORDER - 17

Moon's opinion because "no records were reviewed in this one time exam for the purpose of establishing eligibility for State benefits." Tr. 34. "The purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them." *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) (citing *Ratto v. Sec'y, Dept. of Health and Human Servs.,* 839 F. Supp. 1415, 1426 (D. Or. 1993)). The number of visits a claimant has made to a particular provider is a relevant factor in assigning weight to an opinion. 20 C.F.R. § 416.927(c). However, the fact that Dr. Moon examined Plaintiff just twice is not a legally sufficient basis for rejecting the opinion, given that the ALJ rejected the opinion in favor of opinions by reviewing physicians who did not examine Plaintiff.

_____

Plaintiff with argument supported by explanation. It is not enough to address the issue in a perfunctory manner, "leaving the court to . . . put flesh on its bones" through a discussion of the applicable law and facts in the record. *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997); *see also Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); *Perez v. Barnhart*, 415 F.3d 457, 462 n. 4 (5th Cir. 2005) (argument waived by inadequate briefing).

On this record, the fact that no records were reviewed is not a legitimate basis to discount Dr. Moon's opinion. Dr. Moon's opinions were rendered prior to the alleged date of onset and the time Plaintiff sought mental health treatment in 2014. Although there are some mental health notes in the record from 2012, the ALJ acknowledged there were limited treatment records until 2014. Tr. 34; *see* Tr. 394-99 (Nov. 2012 clinical assessment noting poor insight, significant suicidal ideation); Tr. 400-02 (Dec. 2012 psychiatrist note identifying depression, panic, social avoidance and suicidality). Neither Dr. Moon, nor the state agency psychological consultants, whose opinions were completed in 2013 and early 2014 and accorded significant weight, had the benefit of the nearly two-year period of mental health treatment records. However, Dr. Moon had the additional benefit of personally examining Plaintiff. That Dr. Moon did not conduct a record review is not, in this instance, a specific and legitimate basis to discount Dr. Moon's opinion and accord significant weight to the non-examining state agency psychological consultants.

The ALJ also found that Dr. Moon's limitations were inconsistent with Plaintiff's ability to "live with a roommate" and his significant other. Tr. 34-35. An ALJ may discount an opinion that is inconsistent with a claimant's reported functioning. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999). However, the ALJ failed to explain how living with another

contradicts the assessed limitation related to the ability to maintain appropriate behavior in a work setting. Moreover, the record related to Plaintiff's living arrangements evidenced challenging interactions with others which the ALJ did not discuss. Tr. 85 ("She's been a real trooper, though. . . . it's very difficult to have a relationship with me because of the way I am."); Tr. 529 ("overwhelmed" with his new girlfriend); Tr. 535 (roommate moved out); Tr. 82 (relating anger with girlfriend's daughter living with them). This was not a specific, legitimate reason to give limited weight to Dr. Moon's opinion.

Finally, the ALJ discounted Dr. Moon's opinion because his marked limitations were inconsistent with his psychiatric observations on examination and inconsistent with the longitudinal record. Tr. 35. A factor to evaluating any medical opinion includes the amount of relevant evidence that supports the opinion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). However, an ALJ may not selectively consider medical reports. Plaintiff describes the evidence related to Plaintiff's interactions with Dr. Moon and other providers, contrary to the ALJ's interpretation of the record. ECF No. 17 at 12-13 (citing Tr. 412-18 (Plaintiff was anxious, depressed and tearful on examination with Dr. Moon); Tr. 501-02 (Plaintiff was discharged from his primary care provider's practice because of abusive language; and Plaintiff "because of his disrespect/abusive language to the

doctor and on the basis not in agreement with treatment plan"); Tr. 575 (Plaintiff

became upset in therapist's waiting room and started to cuss when therapist

stepped in and met with Plaintiff)).  As a remand is necessary to reconsider the

record pertaining to Plaintiff's mental limitations, the ALJ should reconsider the

weight assigned to the opinions of Dr. Moon in light of the overall record on

remand.

**B. Step Five**

Finally, Plaintiff alleges that the ALJ's step five determination is not

supported by substantial evidence.  ECF No. 17 at 19.  Plaintiff's contention is

based upon the ALJ's failure to incorporate the opinions of Dr. Moon and Mr.

Thoma into the residual functional capacity and hypothetical posed to the

vocational expert.  ECF No. 17 at 19.  Because the Court has already concluded the

ALJ erred in reviewing the medical evidence and that this matter should be

reversed and remanded for further consideration, the remainder of the sequential

disability evaluation, including step five, will need to be reassessed anew on

remand.

**C. Remedy**

Plaintiff urges the Court to "remand for further proceedings at the very least" or remand for an immediate award of benefits under the credit-as-true doctrine.  ECF No. 17 at 20.

When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings."  *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  The Court may not award benefits under the credit-as-true rule unless the record has been fully developed, further administrative proceedings would serve no useful purpose, and there is no "serious doubt" that the Plaintiff is, in fact disabled.  *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017); *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).  These requirements are not satisfied.

Accordingly, the Court remands this case for further proceedings consistent with this Order.  On remand, the ALJ is instructed to reconsider the medical evidence and if necessary, order consultative examinations and/or take testimony from a psychological expert.  The ALJ shall perform the five-step inquiry anew.

# CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No.18**, is **DENIED**.

3. The Court enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED December 28, 2018.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 23